UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:20-00187 DSF (ADS)                    Date: March 31, 2020

Title: *Freddy Zavala Odanga v. San Bernardino County*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
| --- | --- |
| None Present | None Present |

**Proceedings:      (IN CHAMBERS) ORDER TO SHOW CAUSE**

## I.   INTRODUCTION

On January 28, 2020, Freddy Zavala Odanga ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). [Dkt. No. 1]. The Petition alleges that Petitioner is being falsely imprisoned because the San Bernardino Superior Court stated that his sentence was served. [Id., p. 3].

The Court's review of the Petition, the Court's own records, and public records reveals that Petitioner's one ground for relief is unexhausted.[1] For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by April 21, 2020** why the instant Petition should not be dismissed.

## II.   SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly

---

[1] Where necessary, the Court takes judicial notice of the public records. See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. THE GROUND FOR RELIEF HAS NOT BEEN PRESENTED TO THE STATE COURT AND THEREFORE MAY BE DISMISSED AS UNEXHAUSTED

**The Federal Courts will not consider a habeas petition until after the State Court has had the opportunity to review and decide the matter first**, thereby having the opportunity to correct any error. As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).

To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

Review of the Petition reflects that Petitioner did not present his claim (ground for relief) to the state court and therefore has not fully exhausted his state remedies. First, the Petition indicates that Petitioner did not file any other petitions, applications or motions with respect to this convictions or commitment. [Dkt. No. 1, p. 4]. Second, the California Appellate Courts Case Information website does not show any records of a prior state appeal or state habeas petition filed by Petitioner in either the California Court of Appeal or California Supreme Court. See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov. Therefore, it appears from the face of the Petition that Petitioner has failed to meet his burden of demonstrating that he has raised this issue to the state court, and thereby fully exhausting his available state remedies.

## IV.     PETITIONER'S OPTIONS

Petitioner is **ORDERED TO SHOW CAUSE** in writing **by April 21, 2020** why the Court should not dismiss this action as unexhausted. **In response to this Order, Petitioner must explain whether he has presented his claim (ground for relief) to the state courts.**

If Petitioner has not exhausted his claim in the California Supreme Court, <u>he must do so</u>. As to this federal habeas petition, Petitioner has the following options:

### A.     Option 1

Petitioner may voluntarily dismiss this federal habeas petition and proceed with filing a state habeas petition with the state court. The Court advises Petitioner, however, that if he elects to voluntarily dismiss this Petition, a future federal habeas petition will be subject to the one-year statute of limitations.

To select Option 1, Petitioner must clearly state he is selecting Option 1 and is voluntarily dismissing the Petition.

### B.     Option 2

Petitioner may request to stay these proceedings and hold the petition in abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269, 277-78 (2005). In <u>Rhines</u>, the Supreme Court held that, in certain "limited circumstances," courts have the discretion to stay petitions containing both exhausted and unexhausted claims, and to hold it in abeyance while a petitioner exhausts the remaining claims in state court. This procedure also applies to fully unexhausted petitions. <u>Mena v. Long</u>, 813 F.3d 907, 912 (9th Cir. 2016).

To obtain a stay pursuant to <u>Rhines</u>, Petitioner is required to show the following: (1) good cause for failing to exhaust the unexhausted claim in state court; (2) the unexhausted claim is potentially meritorious and not "plainly meritless"; and (3) Petitioner has not engaged in abusive litigation tactics or intentional delay. <u>Rhines</u>, 544 U.S. at 277-78. The granting of the <u>Rhines</u> stay will result in an order requiring Petitioner to exhaust his unexhausted claim in state court and this action may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-00187 DSF (ADS)                                  Date:  March 31, 2020
Title:  *Freddy Zavala Odanga v. San Bernardino County*

administratively closed pending the filing of a motion from Petitioner to vacate the stay, demonstrating that his claim has been exhausted.  If Petitioner is granted a stay under <u>Rhines</u>, the Court may require Petitioner to file periodic status reports regarding his efforts to exhaust his claim.

To select Option 2, the <u>Rhines</u> stay, Petitioner must file a motion that clearly states he is selecting Option 2 and setting forth all of the facts and arguments necessary to obtain a <u>Rhines</u> stay, including good cause for his failure to have exhausted his claim before filing the Petition, explaining why the claim is not plainly meritless, and disavowing use of dilatory tactics.

The Court makes no representation as to whether Petitioner can meet the required showings for a <u>Rhines</u> stay.  Petitioner is further cautioned that if the Court denies his request for a stay, the Court may recommend that the Petition be dismissed.

### C.     <u>Option 3</u>

Petitioner may proceed with the Petition in its current form.  <u>Petitioner is expressly cautioned</u> that the Petition appears wholly unexhausted and therefore is subject to dismissal.  If Petitioner selects Option 3, it will be viewed by the Court as the inability to cure the defect identified in this order.  As such, the Court will recommend dismissal of the Petition to the District Judge.

To select Option 3, Plaintiff must file a statement with the Court stating that he is selecting Option 3 and wishes to proceed on the Petition, despite the infirmities described in this order.

### V.     <u>CONCLUSION</u>

Petitioner is ordered to show cause in writing by no later than **April 21, 2020** why the Court should not dismiss this action.  Petitioner must explain whether his claim has been exhausted by full and fair presentation to the California Supreme Court.  If Petitioner has not exhausted his claim in the California Supreme Court, Petitioner must file a statement with the Court stating whether he wishes to proceed with Option 1, 2, or 3, as described above.

## CIVIL MINUTES – GENERAL

Case No.:  5:20-00187 DSF (ADS)                                          Date:  March 31, 2020

Title:  *Freddy Zavala Odanga v. San Bernardino County*

    Petitioner is expressly warned that his failure to timely comply with this Order may result in the Court issuing an order to show cause why the case should not be dismissed for the reasons stated above, failure to prosecute, and/or failure to obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).

    **IT IS SO ORDERED.**

Initials of Clerk kh