JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| FREDDY ZAVALA ODANGA, | Case No. 5:20-00187 DSF (ADS) |
|---|---|
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| SAN BERNARDINO COUNTY, | |
| Respondent. | |

## I.  **INTRODUCTION**

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Freddy Zavala Odanga ("Petitioner"). [Dkt. No. 1]. On March 31, 2020, the Court issued an Order to Show Cause why the Petition should not be dismissed because the Petition reflected Petitioner did not fully exhaust his state remedies. [Dkt. No. 3]. Petitioner did not file a response. On May 8, 2020, the Court issued an Order to Show Cause Re: Dismissal for failure to prosecute the Petition and follow court orders. [Dkt. No. 4]. Again, Petitioner did not file a response.

## II.     **FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS**

Petitioner has failed to prosecute this habeas petition and comply with court orders. As an initial matter, the Petition was filed without paying the filing fee. [Dkt. No. 1]. This failure was never remedied. On March 31, 2020, the Court issued an Order to Show Cause related to the fact that the Petition reflected Petitioner had not fully exhausted his state remedies. [Dkt. No. 3]. The Court ordered Petitioner to file a response selecting one of the following options: (1) voluntarily dismissing the Petition and filing a state habeas petition with the state court; (2) filing a motion to stay this case under Rhines v. Weber, 544 U.S. 269, 277-78 (2005); or (3) proceed with the Petition in its current form, despite the infirmities described in the Order. [Id., pp. 3–4]. The Order expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). [Id., p. 5]. Petitioner did not respond to the Order.

On May 8, 2020, the Court issued an Order to Show Cause Re: Dismissal requiring Petitioner to respond in writing why the action should not be dismissed for failure to prosecute the Petition and follow court orders. [Dkt. No. 4]. The Order expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed under Federal Rule of Civil Procedure 41(b). [Id., p. 2]. Petitioner did not respond to the Order.

Petitioner's repeated failure to respond despite Court orders to do so reflects a lack of prosecution of the case and failure to comply with Court orders. In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's

need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's Orders warrant dismissal. The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive. The third factor, risk of prejudice to Respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been warned about the consequences of his failure to prosecute and twice ordered to show cause why the action should not be dismissed. Petitioner has been afforded the opportunity to do so yet has not responded. Moreover, the Petition is also subject to dismissal because it remains wholly unexhausted. No sanction less than dismissal is feasible here. Dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b) and Local Rule 7-12.

**III.     CONCLUSION**

IT IS ORDERED that this action be summarily dismissed with

/ / /

/ / /

1  prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Central District of

2  California Local Rule 7-12.

3      IT IS SO ORDERED.

4  DATED: May 29, 2020

5                                Honorable Dale S. Fischer
                              UNITED STATES DISTRICT JUDGE

6

7  Presented by:

8     /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH

9  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

4